The STATE of Ohio, Appellee,

v.

COONEY, Appellant.

[Cite as *State v. Cooney* (2001), 142 Ohio App.3d 773.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 2000–CA–114.

Decided May 18, 2001.

*Joseph W. Stadnicar,* Beavercreek City Prosecuting Attorney, for appellee.

*Dennis E. Halloran,* for appellant.

FAIN, Judge.

Defendant-appellant, Eileen M. Cooney, appeals from the trial court's denial of her appeal, pursuant to R.C. 4511.191(H)(1), from an administrative license suspension imposed as a result of her alleged refusal to submit to a chemical test. The trial court denied the appeal upon the grounds that it was not timely. Because the appeal was not perfected as of the date of Cooney's initial appearance on her charge of driving under the influence, we agree with the trial court. Accordingly, the judgment of the trial court is affirmed.

## I

Cooney was arrested on September 30, 2000, for operating a motor vehicle while under the influence. At that time, she was served with a notice of administrative license suspension, reflecting that Cooney's driver's license was suspended because of her refusal to submit to a breath-alcohol test. Among other things, the notice advised Cooney: "You may make an appeal of this suspension in court at the time of your initial appearance."

Cooney appeared in court with her attorney on October 6, 2000, and entered a not guilty plea. She did not file an appeal of her administrative license suspension on or before that date, nor did she advise the trial court of her desire to appeal.

On October 30, 2000, Cooney, by her attorney, filed an appeal of her administrative license suspension. This was denied by the trial court on November 6, 2000, upon the grounds that it was not timely.

From the denial of her appeal from her administrative license suspension, Cooney appeals to this court.

## II

Cooney's sole assignment of error is as follows:

"The trial court erred to the prejudice of the defendant-appellant in denying her appeal from an administrative license suspension."

 Cooney predicated her right to appeal from the administrative license suspension upon R.C. 4511.191(H), which provides for an appeal from an administrative license suspension to the trial court in which is pending the charge of operating a motor vehicle under the influence. She has not cited any other authority for an appeal to a trial court from an administrative license suspension, and we are not aware of any.

We have examined R.C. 4511.191(H)(1), and it is clear that the statute contemplates that an appeal will be perfected "at the person's initial appearance on the charge resulting from the arrest in the court in which the person will appear on that charge." The second paragraph of R.C. 4511.191(H)(1) provides that the trial court may grant a continuance of the administrative appeal on the request of either the licensee or the registrar of motor vehicles, or the trial court may continue the appeal on its own motion. Consequently, if, as Cooney suggests, she lacked a factual predicate for the appeal, she could have perfected the appeal at the time of her initial appearance, and then she could have requested a continuance of the appeal to permit her to conduct discovery or otherwise to marshal the facts upon which she might rely in meeting her burden of proving the statutory grounds for an appeal. She did not do this.

Cooney cannot claim to have been ignorant of her right to appeal to the trial court from her administrative license suspension, because that right was specifically enumerated on the notice of administrative license suspension she received at the time of her arrest, and that notice specifically recited that she could appeal the administrative license suspension at the time of her initial appearance.

 Cooney argues that it was unreasonable to require her to make her appeal at the time of her initial appearance, because she was unable to determine, at that time, whether she had reasonable grounds for an appeal. As we understand R.C. 4511.191(H), however, a licensee wishing to appeal from an administrative license suspension is not required to recite the grounds for the appeal, but is merely required to inform the trial court that she is appealing the suspension. Although the licensee is required, when the appeal is heard, to prove, by a preponderance of the evidence, that one or more of the statutory conditions for the suspension have not been met, this can be done when the appeal is heard, and the licensee may request a continuance of that hearing, for the purpose of developing the necessary evidence. Because a licensee is not required to urge any particular grounds for an appeal at the time the appeal is made to the trial court, we conclude that the licensee may exercise her right to appeal, even though, at that time, she does not know whether she will be able to present satisfactory evidence in support of her appeal.

Although the requirement that the appeal be perfected at the time of the initial court appearance requires prompt action on the part of a licensee to preserve her right to the appeal, we conclude that this requirement does not offend due

process. Because police officers who make DUI arrests typically make many such arrests, the General Assembly may reasonably have concluded that there is a need to identify promptly a case in which an appeal is going to be made from an administrative license suspension, so that the police officer may preserve his memory of events. Furthermore, the very notice of the administrative license suspension that is served on the licensee reflects that there is a right to appeal the suspension at the initial appearance. The loss of driving privileges represented by the administrative license suspension is a significant event, and a reasonable person receiving notice that her license has been suspended could be expected to read that notice carefully and to discuss with her attorney any ramifications of the notice on which further clarification might be sought. In our view, therefore, it is not unreasonable to require that the appeal from the administrative license suspension be made at the time of the initial court appearance, and that requirement does not offend due process.

Accordingly, we conclude that the trial court correctly denied the appeal upon the grounds that it was not timely. Cooney's sole assignment of error is overruled.

### III

Cooney's sole assignment of error having been overruled, we affirm the judgment of the trial court.

*Judgment affirmed.*

WOLFF, P.J., and FREDERICK N. YOUNG, J., concur.